IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAY DEWAYNE DOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-83-C |
| ) | |
| DR. JACK GREGSTON; ) | |
| C. WOOD, LPN; ) | |
| WARDEN DAVID MILLER; ) | |
| GEO INC.; ) | |
| OFFICER POOL, Correctional Officer, ) | |
| and OFFICER ESURA, Transportation ) | |
| Officer, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clay Dewayne Doss, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Currently pending before the Court is the Motion for Summary Judgment/Motion to Dismiss (Dkt. No. 27) of Defendants Jack Gregston, C. Wood, Warden David C. Miller, and GEO, Inc. ("Defendants"). Defendants have also filed a Special Report (Dkt. No. 26). Plaintiff's pending motions include two motions for temporary restraining orders or preliminary injunctions (Dkt. Nos. 38, 45), two motions for continuance (Dkt. Nos.

40, 49), a "Motion for Order" (Dkt. No. 59), and a motion regarding the payment of the filing fee (Dkt. No. 62).[1]

This case was originally referred to Magistrate Judge Bana Roberts for pretrial management. On November 9, 2011, Judge Roberts granted several duplicative motions filed by Plaintiff seeking to amend his complaint to add two defendants, and ordered Plaintiff to file an amended complaint within twenty-one days and to submit the proper forms for service of process on the two additional defendants he sought to add. See Dkt. No. 52. Plaintiff filed an Amended Complaint on November 18, 2011 (Dkt. No. 55). The Amended Complaint added two defendants, Officer Pool and Officer Esura. Plaintiff has only recently submitted the forms for service of process as ordered by this Court, and these two defendants have not yet been served.

When leave was granted to amend the Complaint, consideration of Plaintiff's then-pending motions was deferred until the issue regarding exhaustion of administrative remedies could be decided. (Dkt. No. 53.) Plaintiff was ordered to respond to Defendants' affirmative defense that Plaintiff had failed to exhaust his administrative remedies. Plaintiff filed his response on December 6, 2011 (Dkt. No. 56) (Plaintiff's Response), and Defendants replied on December 13, 2011 (Dkt. No. 57) (Defendants' Reply). The issue of exhaustion of administrative remedies has been fully briefed and is at issue as to Defendants Gregston,

---

[1] Plaintiff's "motion" includes a "Request to Staff" directed to the Clerk of this Court. Plaintiff contends that unidentified prison officials at Lawton Correctional Facility have failed to properly withdraw and submit funds to this Court for payment of his filing fee. This Court is not a part of the prison administrative process. This motion is therefore denied as moot.

Wood, Miller and Geo, Inc. Because Plaintiff has not exhausted his administrative remedies, Defendants' Motion for Summary Judgment must be granted.[2]

## I. Background Facts/Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections ("ODOC"). Plaintiff's claims arise out of his incarceration at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. Plaintiff contends that the Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff first states that in 2008, when he was transferred to LCF, blood tests ordered by the medical staff were not completed for six months. According to Plaintiff, he was housed on the second level of the facility even though he had difficulty walking and used a cane. He states that he fell down metal stairs on May 25, 2010, and that the resulting injury required back surgery. Plaintiff further states that after his surgery, four correctional officers "man handled" him to get him into a van for the purpose of transferring him from the University of Oklahoma Medical Center to the hospital in Lindsay, Oklahoma. According to Plaintiff, the two defendants newly named in the Amended Complaint were involved in transferring him from the University of Oklahoma Medical Center to the Lindsay hospital. Plaintiff claims he still suffers from back pain.

---

[2] Documents attached to the Special Report indicate that Plaintiff has failed to exhaust his administrative remedies as to all claims asserted against all Defendants named in his Amended Complaint.

3

## II.    Standard of Review for Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." Kannady v. City of Kiowa, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

## III.    Analysis:  Failure to Exhaust Administrative Remedies

Defendants have raised the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). See Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA). The exhaustion requirement is mandatory, and "unexhausted claims cannot be brought in court." Id. at 211.

Defendants' motion is framed in the alternative for dismissal, but Defendants have submitted a Special Report with attached materials outside the pleadings. The Court has considered these materials in determining whether Plaintiff exhausted his administrative remedies before filing this action. Therefore, Defendants' alternative motion is treated as a motion for summary judgment on the issue of exhaustion. See Fed. R. Civ. P. 12(d); 56.

The ODOC Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies.[3] The Grievance Process has three phases: (1) an informal phase which requires an inmate to speak to a staff member and, if necessary, submit a written Request to Staff; (2) a formal stage which requires the inmate to submit a written grievance; and (3) an appeal stage which requires the inmate to appeal a grievance denial to the Administrative Review Authority or Chief Medical Officer. The appeal stage is the final stage and once completed, constitutes satisfaction of the Grievance Process. See Grievance Process, ¶¶ IV, V and VII.

The Special Report contains a copy of one Inmate/Offender Grievance Report Form signed by Plaintiff and dated May 30, 2010. Special Report, Attachment 19. Because Plaintiff had not attached a Request to Staff to the grievance form, the grievance was returned to him unanswered on June 3, 2010. Special Report, Attachment 20.

In his Amended Complaint, Plaintiff states that he filed numerous requests to staff that were not answered. In his Response in Opposition to Defendants' Motion of

---

[3] Defendants have attached the ODOC's Grievance Process as Attachment 18 to their Special Report.

Affirmative Defense that Plaintiff Failed to Exhaust (Dkt. No. 56), Plaintiff contends that his failure to exhaust his administrative remedies should be excused because Defendants failed to explain the grievance procedure to him when he arrived at LCF. Plaintiff's arguments are without merit. First, the grievance procedure provides a remedy for prisoners when a Request to Staff is not answered and not returned by a staff member:

> If there has been no response in 30 calendar days of submission [of a Request to Staff], the offender may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member. The grievance may assert only the issue of the lack of response to the request to staff.

Special Report, Attachment 18 at 6, ¶ (B)(7). The Special Report contains affidavits from both Kerry Minyard, Administrative Programs Officer I of Administrative Review Unit at the ODOC, and Mike Murray, a Nurse Manager in the Medical Services Administrative Office of the ODOC. Special Report, Attachments 21, 22. Each states that Plaintiff had not submitted a grievance or grievance appeal before he filed suit in this case on January 27, 2011. Second, the very fact that Plaintiff, by his own admission, submitted Requests to Staff and Grievance forms demonstrates that he knew there was a grievance procedure in place at LCF. Plaintiff has failed to demonstrate that he could not have learned the proper steps to take when a Request to Staff is not answered.

Plaintiff has provided no evidence to support his contention that he has properly exhausted his administrative remedies or that administrative remedies were not available to

him. Accordingly, the Motion for Summary Judgment filed on behalf of Defendants Gregston, Wood, Miller and Geo, Inc., will be granted.

Plaintiff filed his Amended Complaint (Dkt. No. 55) on November 18, 2011. Officer Pool and Officer Esura were added as defendants. Plaintiff has not served these defendants. Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Even though Plaintiff is a pro se litigant, he is required to follow the same rules of procedure governing other litigants. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). His failure to perfect proper service within the time limits prescribed by Fed. R. Civ. P. 4(m) is grounds for dismissal of his pro se complaint in the absence of justification for the failure. Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992). More than 120 days have elapsed since Plaintiff filed his Amended Complaint, and Plaintiff has not submitted the documents necessary for issuance of summons, provided completed forms for the United States Marshals Service to use in serving Defendants, or filed proof of service on Defendants. Thus, the action is subject to dismissal pursuant to Fed. R. Civ. P. 4(m). In this case, a permissive extension of time is not warranted. It is clear that Plaintiff has not exhausted administrative remedies as to the two new defendants named in the Amended

Complaint. Therefore, for the same reasons announced as to the other Defendants, these unserved Defendants are likewise entitled to judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment filed on behalf of Defendants Gregston, Wood, Miller and Geo, Inc. (Dkt. No. 27) is granted on the ground that Plaintiff failed to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). Although Officers Pool and Esura have not been served, the same legal conclusions apply to them. Finally, Plaintiff's pending motions (Dkt. Nos. 38, 40, 45, 49, 59, 62, and 65) are denied as moot. Because any effort to exhaust administrative remedies is now untimely, judgment will enter on behalf of all Defendants and against Plaintiff.

IT IS SO ORDERED this 20th day of June, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge